### J. D. ALLEN BOILER & WELDING WORKS v. LONGSTRETH et al.

No. 23062. Opinion Filed June 21, 1932.

V. E. Stinchcomb, for petitioner.

Ralph H. Schaller, for respondents.

RILEY, J. The State Industrial Commission found that Longstreth was in the employment of J. D. Allen Boiler & Welding Works and that while engaged in hazardous employment and on July 31, 1931, he sustained a personal accident causing injuries to the index and middle fingers.

Compensation for temporary total disability was awarded, and permanent partial disability compensation was allowed for 75 per cent. loss of use of the middle finger of the left hand and ten per cent. permanent partial disability was allowed for loss of use of the index finger.

The Commission found that the J. D. Allen Boiler & Welding Works was an independent contractor of the Oklahoma Drilling Company.

On review the petitioner contends that there is no competent evidence to establish the relation of master and servant between Longstreth and J. D. Allen Boiler & Welding Works. We have reviewed the evidence and find it ample to sustain the relation as found by the Commission.

It is next contended the State Industrial Commission lacked jurisdiction of this controversy because there was no competent evidence to show the petitioner employed workmen.

The evidence justifies the conclusion reached by the State Industrial Commission that the employment of Longstreth came within the provisions of the Workmen's Compensation Act (Comp. Stats. sections 7282, et seq., as amended).

The third proposition raised is that there was no evidence to justify the finding by the Commission that the petitioner was an independent contractor working for the Oklahoma Drilling Company.

This proposition is without merit. It is immaterial, for in any event the petitioner is primarily liable under section 7285, C. O. S. 1921, as amended by Senate Bill No. 155. S. L. 1923, c. 61, sec. 3, since it employed the claimant, who does not complain of the error, if any there be under this proposition.

The award is sustained.

HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.